# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JESSE JAMES DELYLE COX,

      Plaintiff,

vs.                                                                                No. CV 19-00690 RB/KBM

BERNALILLO COUNTY, et al.,

      Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*. Plaintiff Jesse James Delyle Cox is an incarcerated prisoner. He filed a Civil Rights Complaint on July 26, 2019. (Doc. 3). At the time he filed his Complaint, Cox did not pay the filing fee. Instead, he submitted an application to proceed *in forma pauperis*. (Doc. 2). However, the Application did not include his 6-month inmate account statement as required by 28 U.S.C. § 1915(b). The Application form submitted by Cox specifically states:

> "I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name."

(Doc. 2 at 1). The Application to Proceed filed by Cox, however, did not include the certified 6-month inmate account statement.

The Court issued an Order to Cure Deficiency on January 13, 2020, ordering Cox to cure the deficiency in his filing within 30 days of entry of the Order. (Doc. 4). The Order to Cure advised Plaintiff Cox that his Application must include "a certified copy of Plaintiff's inmate account statement for the 6-month period immediately preceding this filing." (Doc. 4 at 1). The Order to Cure also notified Cox that, if he did not submit the required inmate account statement,

his case could be dismissed without further notice. (Doc. 4 at 1). Plaintiff Cox did not submit the requisite 6-month inmate account statement within 30 days as ordered by the Court. Instead, Cox sent a letter to the Court, terming the Court's Order "absurd." (Doc. 5 at 1).

Section 1915(b) provides:

"A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), ***shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint*** or notice of appeal. . ."

28 U.S.C. § 1915(a)(2) (emphasis added). Despite being given notice of the need to include the 6-month inmate account statement both in the Court's Order to Cure and the form Application, Cox did not include the 6-month statement with his Application. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). The Court will require Plaintiff Cox to show cause, within 30 days of entry of this Order, why this action should not be dismissed for non-compliance with the Court's January 13, 2020 Order. Failure to show cause or otherwise respond to this Order may result in dismissal of this case without further notice.

IT IS ORDERED that Plaintiff Jesse James Delyle Cox show cause, within 30 days of entry of this Order, why this case should not be dismissed for failure to comply with the Court's January 13, 2020 Order.

_____
UNITED STATES MAGISTRATE JUDGE